DEBORAH EKREM v. HARRIET HUBBARD AYER COMPANY
AND OTHERS.
L. S. DONALDSON COMPANY AND ANOTHER, RELATORS.[1]

January 31, 1941.

No. 32,652.

*Reynolds & McLeod,* for relators.

*R. G. Shepley,* for respondent Deborah Ekrem.

*L. N. Foster* and *E. A. Linnee,* for respondents Harriet Hubbard
Ayer Company and Travelers Insurance Company.

HOLT, JUSTICE.

*Certiorari* to review a decision of the industrial commission
awarding compensation for accidental injury.

It is conceded that respondent Deborah Ekrem on February 22,
1939, was injured in an accident arising out of and in the course
of her employment. The amount of the compensation awarded is
not questioned. The sole contention of relators is that at the time
of her accidental injury Deborah Ekrem was employed and paid
jointly by relator L. S. Donaldson Company and respondent Har-
riet Hubbard Ayer Company, and hence the compensation awarded
should have been apportioned between the two companies as pro-
vided by 3 Mason Minn. St. 1940 Supp. § 4272-6.

The short facts are: L. S. Donaldson Company has for years
conducted a large department store in the city of Minneapolis.

[1]Reported in 296 N. W. 180.

In 1936, respondent Ekrem entered the employ of L. S. Donaldson Company as one of its saleswomen. It appears that the Donaldson company makes arrangements with other concerns who manufacture or feature the sale of some commodity whereby this may be done at the Donaldson store, such commodity being in charge of some clerk or salesman of the L. S. Donaldson Company. January 3, 1938, Harriet Hubbard Ayer Company, hereinafter referred to as the Ayer company, by letter made a proposition of this sort to the L. S. Donaldson Company, which the latter accepted and signed. It reads in part:

"In return for the following services rendered by your store in the advertising, demonstrating, merchandising and promoting of Harriet Hubbard Ayer products for the twelve months' period, beginning January 1, 1938, and ending December 31, 1938, we agree to compensate you as indicated for the special services rendered us as listed below:

"(1) To keep on display at all times in the show cases inside of your store a representative collection of Ayer products, tastefully arranged and * * *

"(2) To display with reasonable frequency in prominent positions in your store windows Ayer products * * *

"(3) To make available to us at times agreeable to us and to you during the period of this agreement, space in your newspaper advertising for Ayer products * * *

"(4) To permit our sales representative to talk to your sales persons at times convenient to your business in order to instruct these persons in the use of our products * * *

"(5) To generally coöperate * * *

"(6) You agree to put at the disposal of the Ayer line of products the services of an able demonstrator (or demonstrators) who will occupy herself with the demonstration, promotion and sale of Ayer products, and you agree to pay the cost of said demonstrator and to pay any taxes which may be levied or assessed by reason of employment of said demonstrator. We agree to reimburse you

for any such taxes incurred in connection with the employment of the demonstrator.

"(7) The demonstrator you assign to the Ayer line must be capable of meeting our rigid general requirements and must have passed a written or other form of examination * * *. The opinion of Ayer as to whether or not said demonstrator passed a satisfactory examination will be final.

"In return for the above services Harriet Hubbard Ayer will pay to you the sum of $20.00 per week.

"This agreement may be cancelled at any time by letter from one party to the other and cancellation will become effective one week from date of the letter."

The record shows no change of the agreement up to the time of the accident to respondent Ekrem, who was assigned by the L. S. Donaldson Company as demonstrator of the Ayer company products in September, 1938, and so continued for some time after her accidental injury. Her services were evidently satisfactory to all concerned, since she was favored after the accident by way of vacations and otherwise so as to facilitate recovery.

By its answer the L. S. Donaldson Company put in issue Deborah Ekrem's employment. That became a fact issue for the commission, and its finding cannot be disturbed if fairly supported by the evidence. The statute defines an employer as one "who employs another to perform a service for hire and to whom the 'employer' directly pays wages." 1 Mason Minn. St. 1927, § 4326(d). The weekly wage of $20 was paid by L. S. Donaldson Company, she sold its goods, and accounted to it for all sales each day whether from its merchandise or the Ayer company products. She was directly under the supervision and control of the persons in authority of the L. S. Donaldson Company department store. But aside from all other confirmatory evidence, we are of the opinion that under the written agreement, above referred to, it appears as a matter of law that Deborah Ekrem was in the employ of relator L. S. Donaldson Company at the time of her accidental injury.

340

The award is right and is affirmed.   Respondent being represented by a compensation attorney, no attorney's fees are to be taxed as costs.